NOT FOR PUBLICATION                                                                                                    CLOSED

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ARLEY DE JESUS CHICA, | : | |
| Petitioner, | : | Civil Action No. 08-3483 (JLL) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | **OPINION** |
| Respondent. | : | |

**LINARES**, District Judge.

Currently before the Court is Respondent United States of America's (the "Government") motion to dismiss Petitioner Arley de Jesus Chica's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The motion to dismiss is unopposed. The Court has considered the Government's submission and Petitioner's § 2255 motion. For the reasons set forth below, the Court grants the Government's motion to dismiss.

BACKGROUND

On July 1, 2004, Petitioner was sentenced to 135 months imprisonment. Petitioner appealed his sentence. The Third Circuit affirmed the sentence on December 8, 2005, holding that Petitioner had "knowingly and voluntarily waived his right to appeal his sentence pursuant to a valid guilty plea agreement." Petitioner did not file for certiorari review. Petitioner filed his present motion pursuant to 28 U.S.C. § 2255 on July 14, 2008, arguing that his counsel was ineffective for failing to seek a downward variance based on the conditions at the Passaic County

-1-

Jail and because his counsel did not subpoena the Passaic County Jail Warden and other government officials concerning the conditions at the jail. He filed a supplemental motion on August 22, 2008, making additional allegations of ineffective assistance of counsel. The Government argues that Petitioner's original and supplemental motions are time barred because they were filed more than one year after his conviction became final.

## DISCUSSION

Section 2255 provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Where a petitioner does not file a petition for certiorari review, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 525 (2003); see also Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). "A defendant has 90 days from the date on which the court of appeals affirms the judgment of conviction to file a petition for a writ of certiorari." Kapral, 166 F.3d at 570-1 (citing Supreme Court Rule 13). Thus, in this case, Petitioner's conviction became final on March 8, 2006, 90 days after the Third Circuit affirmed his conviction. Both his original and supplemental motions were filed more than one year after this date.

-2-

Petitioner argues that his original motion, filed July 14, is timely because it was filed within one year from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." (Pet.'s Mot. Pursuant to Title 28 U.S.C. Section 2255(4) to Vacate, Set Aside or Correct Sentence, at 2 (quoting 28 U.S.C. § 2255(4)) [hereinafter "Pet.'s July 14 Mot."].) The new "fact" on which he relies is the United States v. Franz Copeland Sutton decision filed on October 26, 2007 wherein Judge Hayden found that the conditions at the Passaic County jail warranted a downward variance in the sentencing of the defendant in that case. No. 07-426, 2007 U.S. Dist. LEXIS 79518 (D.N.J. Oct. 26, 2007). Petitioner asserts that unlike the counsel in Sutton, his counsel failed to seek a downward variance and did not subpoena the Warden and other government officials, as counsel did in Sutton. (Pet.'s July 14 Mot., at 6-7.) He states that his "sentence would have decreased 28 months, which represents the time he had spent in the Passaic County Jail, had counsel argued for a lower sentence on the basis that the overcrowding there . . . was so bad that to do otherwise would be excessive punishment." (Id. at 8.) He further asserts that "[d]ue to [the] [i]neffective [a]ssistance of counsel . . . [he] did not know about this issue until another inmate provided him the . . . Sutton [c]ase." (Id. at 16.)

At Petitioner's sentencing, Judge Lifland noted that he had "received the motion for a downward departure based upon conditions at the Passaic County jail." (Sentencing Tr. 3:4-6.) Judge Lifland declined to grant a downward variance based on the jail conditions. He stated:

> It troubles me that the conditions are complained of on a regular basis, but I do not have before me the kind of evidence that I had before me when I did depart downward several years ago, and that evidence if two-fold: one, the conditions are not as – the conditions *even as complained of* are not as serious as those I found to exist at another prison in the past, nor has the period of incarceration pretrial been as

extensive here as it was in that other case.

(Id. at 19:1-12 (emphasis added).)  Thus, the record indicates that a request for a downward variance based on the jail conditions was made and considered in determining Petitioner's sentence.  Petitioner was confined in the jail.  While subpoenaing the warden or other officials might have bolstered his assertions, he was personally aware of the facts of his confinement.  Judge Lifland did not state that he was not crediting Petitioner's assertions.  To the contrary, he stated that the conditions complained of did not rise to the level, in his opinion exercising his discretion, that justified a downward variance.  Therefore, the new "fact" on which Petitioner relies appears to be merely that another judge found that the conditions justified a variance or, perhaps, that his counsel did not argue as effectively as counsel in the Sutton case.  This is insufficient to trigger §2255(f)(4).

For § 2255(f)(4) to be triggered a petitioner must discover new facts, "not the legal consequences of those facts."  United States v. Pollard, 161 F. Supp. 2d 1, 10 (D.D.C. 2001).  The court in Pollard stated that "postponed accrual [under § 2255(4)] is in order only if the facts themselves supporting a legal claim were undiscoverable in a timely fashion, despite due diligence."  Id. at 10-11 (quoting Fraser v. United States, 47 F. Supp. 2d 629, 630 (D. Md. 1999)).  Cases where this provision has been triggered involve fact discoveries such as: a state court order vacating a conviction on which the sentence was based, Johnson v. United States, 544 U.S. 295, 298 (2005); threats to defense counsel made during the defendant's trial that were discovered by the defendant subsequent to sentencing, LoCascio v. United States, 395 F.3d 51, 55 & n.1 (2d Cir. 2005); and new information about an informer who had testified (allegedly falsely) at trial that was discovered by an investigator subsequent to sentencing, United States v.

True, 164 F. Supp. 2d 1128, 1129-30 (D. Minn. 2001).

Reviewing the record in this case, it is a stretch to even say that the legal consequence of the facts were discovered only upon learning of the Sutton opinion–Petitioner knew of the jail conditions and a downward variance based on them was sought at his sentencing.  This Court finds that Petitioner has not asserted facts sufficient to trigger § 2255(f)(4) with respect to his July 14, 2008 motion, and, therefore, this motion is untimely.

Petitioner's motion, filed August 22, 2008, states that it is supplementing his petition submitted under § 2255(4).  In this supplement he asserts additional claims of ineffective assistance of counsel.  However, he does not supply any newly discovered facts that apply to these additional claims.  Thus, because this supplement was also filed more than one year after his conviction became final, the Court also finds that this supplemental motion is untimely.

## **CONCLUSION**

For the reasons explained above, the Government's motion to dismiss Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is granted.  An appropriate order accompanies this opinion.


Date:   February 18, 2009                                              /s/ Jose L. Linares
                                                                       Jose L. Linares
                                                                       United States District Judge